**FILED**

**SEP 1 6 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF | ) | |
| THE UNITED STATES OF AMERICA FOR AN | ) | Misc. No. 13 - 1000 |
| ORDER AUTHORIZING THE INSTALLATION | ) | |
| AND USE OF PEN REGISTERS AND | ) | |
| TRAP AND TRACE DEVICES ON | ) | |
| TELPHONE NUMBER 817-782-3464 | ) | **FILED UNDER SEAL** |

## APPLICATION

Ronald C. Machen Jr., the United States Attorney for the District of District of Columbia, by T. Patrick Martin, Assistant United States Attorney, hereby applies to the Court pursuant to Title 18, United States Code, Section 3122 for an order authorizing the installation and use of pen registers and trap and trace devices ("PRTTs"). In support of this Application, the Applicant states the following:

1. Applicant is an "attorney for the Government" as defined in Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure, and therefore, pursuant to Section 3122(a) of Title 18, United States Code, may apply for an order authorizing the installation and use of PRTTs.

2. Section 3123(a)(1) of Title 18 provides:

> Upon an application made under section 3122(a)(1), the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device anywhere within the United States, if the court finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. The order, upon service of that order, shall apply to any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of the order.

18 U.S.C. § 3123(a)(1).

3. A "pen register," as defined in Title 18, United States Code, Section 3127(3), is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication." 18 U.S.C. § 3127(3). A "trap and trace device" is defined in Title 18, United States Code, Section 3127(4) as "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information shall not include the contents of any communication." 18 U.S.C. § 3127(4). These definitions reflect the significant amendments made by the USA PATRIOT Act, P.L. 107-56, § 216, 115 Stat. 272, 290 (Oct. 26, 2001).

4. Applicant certifies that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigations ("FBI"), in connection with possible violations of the 18 U.S.C. §§ 1111 (Murder), 1113 (Attempted Murder) and 1114 (Attempted Murder of Officer and Employees of the United States).

5. Investigators believe that the offenses under investigation may have been and may continue to be accomplished through the telephone number <u>817-782-3464</u> provided by AT&T, a telephone communications service provider located at 11760 US Hwy One Gold Bear Plaza Room 1302, North Palm Beach FL, 33408.

6. Investigators believe the user of this telephone line is Aaron Alexis ("Alexis"), a United States citizen, believed to have perpetrated a fatal shooting that took place on the morning

of September 16, 2013, at the Navy Yard in Washington, DC. The government believes that installation of PRTT devices on telephone number 817-782-3464 will provide relevant information about the existence of any ongoing attempted communications by any co-conspirators of Alexis in relation to the shooting.

7. The origination and destination addresses constitute "routing" and "addressing" information within the meaning of section 3127 of Title 18.

8. Accordingly, for the above reasons, the applicant requests that the Court enter an order authorizing the installation and use of PRTTs to trace and record the dialing, routing, addressing, and signaling information of all communications to or from the subscriber telephone line that is listed above in paragraph 5, including but not limited to information identifying the originating telephone lines of wire communications directed to, and the destination telephone lines of wire communications originating from, that account, along with the date and time of such communications. The applicant is not requesting, and does not seek to obtain, the contents of any communications pursuant to this order.

9. The applicant requests that the foregoing installation and use be authorized for a period of 60 days from the date that the PRTTs are installed and activated.

10. The applicant further requests that the Order direct that, upon service of the order upon it, AT&T furnish information, facilities, and technical assistance necessary to accomplish the installation of the PRTTs, including installation and operation of the devices unobtrusively and with a minimum of disruption of normal service. AT&T shall be compensated by FBI for

reasonable expenses incurred in providing such facilities and assistance in furtherance of the Order.

11. The applicant further requests that the Order direct that the information collected and recorded pursuant to the Order shall be furnished to FBI at reasonable intervals during regular business hours for the duration of the Order to an e-mail address to be provided by law enforcement.

12. The applicant further requests that the Order direct that the tracing operation shall encompass tracing the communications to their true source, if possible, without geographic limit.

13. The applicant further requests that pursuant to Title 18, United States Code, Section 3123(d)(2), the Court's Order direct AT&T, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate the execution of this Order, and their agents and employees, not to disclose to the listed subscriber, or any other person, the existence of this Order, the PRTTs, or this investigation unless or until otherwise ordered by the court and further, pursuant to Title 18, United States Code, Section 3123(d)(1), that this application and Order be SEALED.

14. The foregoing is based on information provided to me in my official capacity by agents of FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of September, 2013.

                                Respectfully submitted,

                                RONALD C. MACHEN JR.
                                UNITED STATES ATTORNEY
                                D.C. Bar Number 447889

By: _____
     T. PATRICK MARTIN
     Assistant United States Attorney
     National Security Section
     D.C. Bar No. 471965
     555 Fourth Street NW, Room 11-439
     Washington, D.C. 20530
     (202) 252-7398
     Thomas.Martin@usdoj.gov